**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JESSE L. YOUNGBLOOD, | ) | NO. ED CV 15-249-JAK(E) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| | ) | |
| WARDEN LORI R. DICARLO, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**BACKGROUND**

Plaintiff, a state prisoner presently confined at the Corcoran State Prison, filed this civil rights action pursuant to 42 U.S.C. section 1983 on November 25, 2014, in the United States District Court for the Southern District of California. The Complaint attempted to assert claims against prison officials at the California Institution for Men ("CIM"). Plaintiff named as Defendants: (1) CIM Warden Lori D. DiCarlo, sued in her individual capacity only; and (2) five unknown

///

///

1   CIM correctional officers, all sued as "John Does" in both their
2   individual and official capacities, except for John Doe One whom
3   Plaintiff sued in his individual capacity only.
4
5        On February 6, 2015, the United States District Court for the
6   Southern District of California transferred the action to this Court.
7   On February 10, 2015, the Court issued an Order granting Plaintiff
8   leave to proceed in forma pauperis ("IFP") without prepayment of
9   filing fees.
10
11       On February 25, 2015, the Court stayed the present action pending
12  the Ninth Circuit's decision in Youngblood v. 5 Unknown CIM
13  Correctional Officers, Ninth Circuit case number 14-55098, District
14  Court case number ED CV 11-1625-JAK(E) ("the prior action").   The
15  pleadings in the prior action contained essentially the same
16  allegations as those made in the present case, asserted against the
17  same Defendants.   As related in more detail in the Court's April 13,
18  2016 Order, the Court dismissed the prior action without prejudice on
19  November 28, 2012, for failure to effect timely service on the
20  fictitious Defendants and failure to prosecute.   On August 5, 2013,
21  the Ninth Circuit Court of Appeals vacated the judgement of dismissal
22  and remanded the prior action to this Court to allow Plaintiff an
23  opportunity to take "limited discovery" in an effort to identify the
24  fictitious Defendants.   See Youngblood v. 5 Unknown CIM Correctional
25  Officers, 536 Fed. App'x 758 (9th Cir. 2013).   This Court then granted
26  Plaintiff a period of time to conduct such discovery and ordered
27  Plaintiff to file a declaration, following the expiration of that time
28  period, stating what if any identifying information Plaintiff had

1   provided to the United States Marshals Service.  Plaintiff did not
2   file any such declaration.  Accordingly, on January 2, 2014, the Court
3   dismissed the action without prejudice for failure to prosecute and
4   failure to comply with a court order.  Judgment was entered on January
5   3, 2014.  See Youngblood v. DiCarlo, 2014 WL 29356 (C.D. Cal. Jan. 2,
6   2014).  On March 3, 2016, the Ninth Circuit affirmed this Court's
7   dismissal without prejudice of the prior action.  See Youngblood v. 5
8   Unknown CIM Correctional Officers, 635 Fed. App'x 386 (9th Cir. 2016).
9   The Ninth Circuit issued the mandate on March 28, 2016.

10

11       In the present case, on April 13, 2016, the Court issued an
12  "Order Dismissing Complaint With Leave to Amend."  The Court dismissed
13  the claims against Warden DiCarlo and the claims for money damages
14  against the Defendants in their official capacities without leave to
15  amend and with prejudice, on the ground that the Court previously had
16  dismissed these same claims with prejudice in the prior action.  The
17  Court also dismissed the claim for injunctive relief without leave to
18  amend but without prejudice, otherwise dismissed the Complaint with
19  leave to amend and granted Plaintiff leave to file a First Amended
20  Complaint.  Additionally, the Court ordered Plaintiff to file,
21  contemporaneously with any First Amended Complaint, a declaration
22  showing whether Plaintiff possessed any identifying information
23  concerning the fictitiously named Defendants and requiring any such
24  declaration to describe in detail all such information Plaintiff
25  possesses.  The Court ordered the filing of this declaration in light
26  of the dismissal of the prior action for failure to effect service and
27  failure to prosecute.
28  ///

1   On April 27, 2016, Plaintiff filed: (1) a First Amended
2   Complaint; and (2) an "Application" purportedly pursuant to this
3   Court's local rules and various provisions of the California Penal
4   Code.  Attached to the First Amended Complaint is an untitled
5   declaration in which Plaintiff states, _inter alia_, that he allegedly
6   has been unable to obtain the identities of the fictitious Defendants,
7   but that, "[t]hrough due diligence and discovery," Plaintiff allegedly
8   "should be able to utilize the clerk of the court and this district"
9   to subpoena CIM records in order to obtain the identities of the
10  fictitious Defendants (_see_ First Amended Complaint, attachment, ECF
11  Dkt. No. 11, p. 12).  In the "Application," Plaintiff states,
12  incorrectly, that the present action "is not related to any other case
13  and/or legal action."  Plaintiff appears to request the assistance of
14  the Court Clerk and/or the Marshals Service in serving a subpoena on
15  Defendant DiCarlo (an incomplete copy of which is attached to the
16  Application), purportedly seeking to obtain various records including
17  records containing the names of other Defendants.

18
19                   **SUMMARY OF PLAINTIFF'S ALLEGATIONS**
20

21  In the original Complaint in this action, Plaintiff alleged that,
22  during a prison transfer on or about December 23, 2010, Plaintiff
23  suffered an injury from a slip and fall from a bus.  Plaintiff alleged
24  that, upon his arrival at CIM, Defendant John Doe assertedly made
25  jokes concerning Plaintiff.  Defendant John Doe One allegedly placed
26  Plaintiff in a small holding cage with no clothing, blankets, pillow,
27  medication (assertedly including insulin), water, food, pillow, or
28  bathroom, where Plaintiff remained for approximately twelve hours.

Defendants John Does Two, Three, Four and Five "jointly took part with apportionment of fault" in these alleged actions.  Plaintiff alleged that Warden DiCarlo had the duty to supervise, train, and delegate authority over CIM staff.

The original Complaint claimed that Defendants inflicted cruel and unusual punishment on Plaintiff.  Plaintiff also alleged that the bus was not equipped with seat belts or hand rails, and that the injuries he purportedly suffered in the fall on the bus were the product of negligence.  Plaintiff sought injunctive relief, compensatory and punitive damages.

The First Amended Complaint again asserts an official capacity claim against Warden DiCarlo, in plain violation of the Court's Order that, in any First Amended Complaint, Plaintiff must not include any claim dismissed without leave to amend in that Order.  Plaintiff also sues five fictitious "John Doe" Defendants.  The charging allegations are similar to those contained in the original Complaint.  Plaintiff again seeks injunctive relief, despite the fact that the Court dismissed Plaintiff's injunctive relief claim without leave to amend in the April 13, 2016 Order.  Plaintiff also seeks compensatory and punitive damages.

///
///
///
///
///
///

DISCUSSION

**I.  Plaintiff Violated the Court's April 13, 2016 Order By Including in His First Amended Complaint Claims Previously Dismissed Without Leave to Amend.**

Plaintiff's First Amended Complaint contains claims which the Court dismissed without leave to amend in its April 13, 2016 Order. That Order specifically cautioned Plaintiff that any First Amended Complaint could not contain any claims dismissed without leave to amend.  Yet, the First Amended Complaint again asserts claims against Warden DiCarlo and claims for injunctive relief, in violation of the Court's April 13, 2016 Order.  Therefore, the action is subject to dismissal for violation of a court order.  See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.), cert. denied, 506 U.S. 915 (1992) (court may dismiss action for failure to comply with a court order, after the court considers the appropriate factors); see also Fed. R. Civ. P. 41(b).

In some circumstances, the Court might be inclined to overlook such a violation and to permit a plaintiff leave to amend his or her pleading to delete claims previously dismissed with prejudice. However, as discussed below, the Court elects to issue an Order to Show Cause, in light of: (1) Plaintiff's failure to effect timely service of process; and (2) the apparent applicability of the

///

1 "three strikes" provision of the Prison Litigation Reform Act, Pub L.
2 No. 104-134, 110 Stat. 1321 (1996).

3

4 **II.  As in the Prior Action, Plaintiff Has Failed to Effect Timely**
5 **Service of Process.**

6

7      At the time Plaintiff filed this action, Rule 4(m) of the Federal
8 Rules of Civil Procedure provided that a court may dismiss an action
9 without prejudice if the summons and complaint were not served on the
10 defendants within 120 days after filing the complaint or such further
11 time as ordered by the court.  See Efaw v. Williams, 473 F.3d 1038,
12 1041 (9th Cir. 2007).[1]  Even taking into account the period of the
13 stay, the 120-day period has elapsed.  It clear from Plaintiff's
14 untitled declaration that, despite the fact that Plaintiff has been
15 pursuing his claims against Defendants since 2011, and the fact that
16 Plaintiff has been afforded ample time to obtain information
17 concerning the identities of the fictitious Defendants sufficient to
18 effect service, Plaintiff is no closer to obtaining such information
19 than he was when the Court dismissed the prior action.  Over four
20 years have elapsed since the Court's March 27, 2012 Order Directing
21 Service of Process By the United States Marshal in the prior action.
22 Yet, Plaintiff still has failed to provide the Marshals Service with
23 information sufficient to effect service of process.  Plaintiff's

24 _____

25      [1]   Rule 4(m) was amended, effective December 1, 2015, to
change the 120-day time period for service to 90 days.  The Court
26 uses the 120-day limit in effect at the time Plaintiff filed this
action.  See Sobania v. Locals 302 & 612 Intern'l Union of
27 Operating Engineers, 2016 WL 1436124, at *1 n.1 (W.D. Wash. Apr.
12, 2016); Vazquez v. Lee County, Florida Bd. of County
28 Commissioners, 2016 WL 1271510, at *1 (M.D. Fla. Apr. 1, 2016).

untitled declaration contains no new information concerning the identities of the fictitious Defendants and does not describe any efforts Plaintiff has made to obtain any such information. Plaintiff's apparent belief that the Court Clerk or Marshals Service can subpoena prison authorities on Plaintiff's behalf is unfounded. See Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (in forma pauperis statute, 28 U.S.C. section 1915, does not authorize expenditure of public funds for witness fees and expenses).

**III.  Plaintiff Appears to Have Suffered Three or More Prior Dismissals Qualifying as "Strikes" Under the Prison Litigation Reform Act.**

Under the Prison Litigation Reform Act, Pub L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may not bring a civil action IFP if, on three (3) or more previous occasions, the prisoner has brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous or malicious or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  A denial of IFP status can count as a prior dismissal or "strike" for purposes of section 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153-54 (9th Cir. 2008).  A dismissal for a repeated violation of Rule 8 of the Federal Rule of Civil Procedure also can count as a "strike." Knapp v. Hogan, 738 F.3d 1106, 1110-11 (9th Cir. 2013), cert. denied, 135 S. Ct. 57 (2014).

///

///

"Once a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." <u>Richey v. Dahne</u>, 807 F.3d 1202, 1206 (9th Cir. 2015) (citation, internal brackets and quotations omitted).

Recent <u>sua</u> <u>sponte</u> review of the dockets of other federal courts has revealed that Plaintiff previously has filed three or more actions which may qualify as "strikes" under section 1915(g).[2]  And the First Amended Complaint contains no allegations from which it plausibly might be inferred that Plaintiff is under imminent danger of serious physical injury.

**Cases Filed in the Northern District of California**

1.  <u>Youngblood v. The People of the State of California, et al.</u>, case number C 11-4064-PJH (PR).  On March 16, 2012, the district court dismissed the second amended complaint in this civil rights case with prejudice for failure to state a claim for relief.  Plaintiff appealed.  On June 13, 2012, the United States Court of Appeals for the Ninth Circuit deemed the appeal to be frivolous and ordered Plaintiff to pay the full filing fee.  Plaintiff did not pay the full ///

---

[2]    The Court takes judicial notice of Plaintiff's federal court cases and appeals described herein.  <u>See</u> <u>Mir v. Little Company of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

1   filing fee.  Therefore, on July 24, 2012, the Ninth Circuit dismissed

2   the appeal for failure to pay fees.

3

4         2.   Youngblood v. Warden, case number C 12-4423-PJH (PR).  On

5   February 4, 2013, the district court dismissed the complaint in this

6   civil rights case without leave to amend as frivolous and for failure

7   to state a claim for relief under Rule 8 of the Federal Rules of Civil

8   Procedure.  See Youngblood v. Lamarque, 2013 WL 427351 (N.D. Cal. Feb.

9   4, 2013).  Plaintiff appealed.  On May 31, 2013, the United States

10  Court of Appeals for the Ninth Circuit deemed the appeal to be

11  frivolous and ordered Plaintiff to pay the full filing fee.  Plaintiff

12  did not pay the full filing fee.  Therefore, on July 16, 2013, the

13  Ninth Circuit dismissed the appeal for failure to pay the filing fee.

14  The United States Supreme Court denied certiorari on October 15, 2013.

15  See Youngblood v. Lamarque, 134 S. Ct. 433 (2013).

16

17        3.   Youngblood v. Feather Falls Casino, case number C 13-1282-PJH

18  (PR).  On March 29, 2013, the district court dismissed this civil

19  rights action as frivolous and for failure to state a claim for

20  relief.  Plaintiff appealed.  On June 20, 2013, the United States

21  Court of Appeals for the Ninth Circuit deemed the appeal to be

22  frivolous and ordered Plaintiff to pay the full filing fee.  Plaintiff

23  did not pay the full filing fee.  Therefore, on July 26, 2013, the

24  Ninth Circuit dismissed the appeal for failure to pay the filing fee.

25  The United States Supreme Court denied certiorari on October 17, 2013.

26  See Youngblood v. Feather Falls Casino, 134 S. Ct. 293 (2013).

27  ///

28  ///

4.   <u>Youngblood v. M.S. Evans, et al.</u>, case number C-13-2097-PJH (PR).  On May 14, 2013, the district court dismissed this civil rights action without leave to amend as frivolous and for failure to state a claim for relief.  On July 9, 2013, the United States Court of Appeals for the Ninth Circuit deemed the appeal to be frivolous and ordered Plaintiff to pay the full filing fee.  Plaintiff did not pay the full filing fee.  Therefore, on August 15, 2013, the Ninth Circuit dismissed the appeal for failure to respond to the court's July 9, 2013 order and failure to prosecute.  The United States Supreme Court denied certiorari on October 7, 2013, <u>see</u> <u>Youngblood v. Evans</u>, 134 S. Ct. 301 (2013), and denied a rehearing on December 9, 2013, <u>see</u> <u>Youngblood v. Evans</u>, 134 S. Ct. 818 (2013).

5.   <u>Youngblood v. Warden</u>, case number C 13-4366-PJH (PR).  On November 12, 2013, the district court dismissed this civil rights action without leave to amend for failure to state a claim.  Plaintiff appealed.  On February 20, 2014, the United States Court of Appeals for the Ninth Circuit deemed the appeal to be frivolous and ordered Plaintiff to pay the full filing fee.  Plaintiff did not pay the full filing fee.  Therefore, on April 17, 2014, the Ninth Circuit dismissed the appeal for failure to pay fees.

**Cases Filed in the Eastern District of California**

1.   <u>Youngblood v. State of Calif., et al.</u>, case number 2:05-cv-00727-LKK-DAD.  On March 6, 2006, the Magistrate Judge issued an "Order and Findings & Recommendations" <u>inter alia</u> recommending dismissal of this civil rights action without prejudice pursuant to

1  <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).[3]  The District Court adopted

2  the Report and Recommendation on September 11, 2006 and judgment was

3  entered on that date.  Plaintiff appealed.  On January 19, 2007, the

4  United States Court of Appeals for the Ninth Circuit issued an order

5  stating that Plaintiff was not entitled to IFP status for the appeal

6  and ordering Plaintiff to pay the filing fee.  Because Plaintiff did

7  not pay the filing fee, on February 22, 2007 the Ninth Circuit

8  dismissed the appeal for failure to prosecute.

9

10      2.  <u>Youngblood v. Chico Parole Outpatient Clinic, et al.</u>, case

11  number CIV S-11-2159-GGH P.  On October 21, 2011, the District Court

12  issued an order dismissing the civil rights complaint pursuant to <u>Heck</u>

13  <u>v. Humphrey</u>, 512 U.S. 477 (1994), and closing the case.  Plaintiff

14  appealed.  On February 27, 2013, the Ninth Circuit dismissed the

15  appeal for lack of jurisdiction as untimely.  The United States

16  Supreme Court denied certiorari on October 7, 2013, <u>see</u> <u>Youngblood v.</u>

17  <u>Chico Parole Outpatient Clinic</u>, 134 S. Ct. 145 (2013), and denied

18  ///

19  ///

20  ///

21  ///

22

23      [3]      A dismissal pursuant to <u>Heck v. Humphrey</u> qualifies as a
    strike under section 1915(g).  <u>See</u> <u>Smith v. Veterans Admin.</u>, 636
24  F.3d 1306, 1312 (10th Cir.), <u>cert. denied</u>, 132 S. Ct. 381 (2011),
    <u>abrogated on other grounds</u>, <u>Coleman v. Tollefson</u>, 135 S. Ct. 1759
25  (2015); <u>Barger v. Mueller</u>, 2016 WL 2593895, at *1 & n.2 (E.D.
    Cal. May 5, 2016) (citing cases); <u>see also</u> <u>Belanus v. Clark</u>, 796
26  F.3d 1021 (9th Cir. 2015), <u>pet. for cert. filed</u> (No. 15-9629)
27  April 22, 2016 (upholding district court's determination that
    <u>Heck</u> dismissal constituted a strike under section 1915(g),
28  without discussing issue).

rehearing on December 9, 2013, <u>see</u> <u>Youngblood v. Chico Parole</u>
<u>Outpatient Clinic</u>, 134 S. Ct. 814 (2013).[4]


Additionally, the United States District Court for the Eastern
District has deemed Plaintiff to be subject to the provisions of
section 1915(g) on three occasions:


1.   In <u>Youngblood v. Doctor Kim</u>, case number 1:13-cv-01118-SAB
(PC), the District Court issued an order on August 2, 2013, denying
Plaintiff's motions to proceed IFP pursuant to section 1915(g) based
on the prior orders of dismissal in: (1) <u>Youngblood v. State of</u>
<u>Calif.</u>, United States District Court for the Eastern District of
California case number 2:05-cv-00727-LKK-DAD; (2) <u>Youngblood v. Chico</u>
<u>Parole Outpatient Clinic, et al.</u>, United States District Court for the
Eastern District of California case number 2:11-cv-02159-GGH; and (3)
<u>Youngblood v. Warden</u>, United States District Court for the Northern
District of California case number 4:12-cv-4423-PJH.  Plaintiff
appealed.  On January 15, 2014, the United States Court of Appeal for
the Ninth Circuit denied Plaintiff's motion to proceed <u>in forma</u>
<u>pauperis</u> pursuant to section 1915(g) and ordered Plaintiff to pay the
full filing fee.  Because Plaintiff did not pay the full filing fee,
on February 27, 2014 the Ninth Circuit dismissed the appeal for
failure to prosecute.  The United States Supreme Court dismissed the

---

[4]    The United States Supreme Court recently ruled that
Plaintiff had repeatedly abused that Court's process and ordered
the Clerk of the Supreme Court not to accept any further
petitions in noncriminal matters from Plaintiff unless he pays
the docketing fee and complies with the Supreme Court Rule 33.1.
<u>See</u> <u>Youngblood v. Superior Court of State of California, Butte</u>
<u>County</u>, 136 S. Ct. 546 (2015).

1   petition for certiorari on June 23, 2014, <u>see</u> <u>Youngblood v. Kim</u>, 134

2   S. Ct. 2846 (2014), and denied rehearing on October 6, 2014, <u>see</u>

3   <u>Youngblood v. Kim</u>, 135 S. Ct. 324 (2014).

4

5        2.   In <u>Youngblood v. Allen</u>, case number 14-00595-LJO-SKO (PC),

6   the District Court issued an order on April 28, 2014, denying

7   Plaintiff's motions to proceed IFP pursuant to section 1915(g) based

8   on the prior orders of dismissal in: (1) <u>Youngblood v. The People, et</u>

9   <u>al.</u>, United States District Court for the Northern District of

10  California case number C 11-4064-PJH (PR); (2) <u>Youngblood v. Lamarque</u>,

11  United States District Court for the Northern District of California

12  case number 4:12-cv-4423-PJH; and (3) <u>Youngblood v. Feather Falls</u>

13  <u>Casino</u>, case number C 13-1282-PJH (PR).

14

15       3.   Most recently, in <u>Youngblood v. Briggs</u>, case number 2-15-

16  01865-KJN, the District Court issued an order on May 9, 2015 denying

17  Plaintiff's application to proceed IFP pursuant to section 1915(g)

18  based on the prior orders of dismissal of the United States District

19  Court for the Northern District of California in: (1) <u>Youngblood v.</u>

20  <u>State of California</u>, case number C 11-4064-PJH (PR); (2) <u>Youngblood v.</u>

21  <u>Warden</u>, case number C 12-4423-PJH (PR); (3) <u>Youngblood v. Feather</u>

22  <u>Falls Casino</u>, case number C 13-1282-PJH (PR); and (4) <u>Younblood v.</u>

23  <u>Warden</u>, case number C 13-4366-PJH (PR).   The court further observed

24  that courts in the Eastern District of California twice previously had

25  deemed Plaintiff to be subject to section 1915(g).

26  ///

27  ///

28  ///

**ORDER TO SHOW CAUSE**

Within twenty-one (21) days of the date of this Order, Plaintiff is ordered to show cause in writing, if any there be: (1) why this action should not be dismissed, with prejudice with respect to the claims against Warden DiCarlo and the claims for damages against Defendants in their official capacities, and without prejudice with respect to Plaintiff's remaining claims, because of: (a) failure to obey a court order; and (b) failure to effect timely service; and (2) why Plaintiff's IFP status should not be revoked on the ground that Plaintiff has suffered three or more dismissals qualifying as "strikes" under 28 U.S.C. section 1915(g).  Failure timely to respond to this Order may result in dismissal of the action.

IT IS SO ORDERED.

DATED: July 29, 2016.

_____
                /S/
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE